IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ELLOYD JOHNSON | § | |
| v. | § | CIVIL ACTION NO. 9:12cv34 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Elloyd Johnson, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Johnson was convicted of refusing to turn out for his work assignment without a legitimate reason, receiving punishments of 30 days loss of privileges, 30 days of special penalty cell restriction, reduction in classification status, and the loss of 120 days of good time credits. In his habeas petition, he complains about various violations of TDCJ rules, and also raises claims of retaliation, denial of the right to attend the hearing, illegal denial of privileges or entitlements, submitting of documents containing false information, and denial of the right to contact medical personnel.

The Magistrate Judge ordered the Respondent to answer the petition. The Respondent's answer argues that two claims, regarding illegal denial of privileges and entitlements and the denial of the right to contact medical providers, were unexhausted and thus procedurally defaulted, and that

1

all of Johnson's claims are without merit. Johnson filed a response to the answer arguing that he has a liberty interest in his custodial classification because it affects the duration of his sentence, but did not address the Respondent's contentions concerning failure to exhaust or the asserted lack of merits.

After review of the pleadings and the state records, the Magistrate Judge issued a Report on September 21, 2012, recommending that the petition be dismissed. The Magistrate Judge first determined that Johnson's claims concerning the illegal denial of rights or privileges and the denial of the right to contact medical providers were not mentioned in Johnson's Step One or Step Two grievances and thus were unexhausted. As a result, the Magistrate Judge said, these two claims were procedurally defaulted.

Turning to the merits, the Magistrate Judge stated first that Johnson's claims concerning the use of falsified documents and that he was precluded from working his medical restrictions were simply bald assertions lacking support in the record. With regard to Johnson's claim of retaliation, the Magistrate Judge observed that Johnson's claim in this regard was also bare and conclusory, and that the assertion did not meet the elements of a retaliation claim whether construed as a habeas claim or a civil rights complaint. The Magistrate Judge further determined that Johnson's claim that he was excluded from the hearing lacked merit because records showed that he had been excluded because of his behavior, and that his claims concerning violations of TDCJ rules were not cognizable in a federal habeas corpus proceeding.

Johnson filed objections to the Magistrate Judge's Report on September 9, 2012. In his objections, Johnson says first that he was instructed to file separate habeas petitions for each of his disciplinary conviction, and in some of his other cases, the Court recommended dismissal without prejudice for failure to exhaust. He cites civil action no.'s 9:12cv29 and 9:12cv33. In both of these cases, Johnson had stated that he filed an appeal of disciplinary case at issue, and the Step Two grievances were still pending. Consequently, the Court dismissed those cases without prejudice to allow him to refile his petitions once the process of exhausting administrative remedies had been completed. In the present case, the grievance process was completed because Johnson had received

an answer to his Step Two grievance appeal. The Magistrate Judge correctly determined that under those circumstances, Johnson procedurally defaulted the unexhausted claims. This objection is without merit.

Next, Johnson complains that the Magistrate Judge failed to note that the service investigation worksheet says that he was "informed of his rights," asking why, if this was the case, he was not allowed to attend the hearing six days later. As the Magistrate Judge stated, the TDCJ records show that Johnson was not allowed to attend the hearing because of his behavior, and Johnson does not object to the Magistrate Judge's finding that this was the case. The fact that Johnson was informed of his rights at the time that he was served with the disciplinary case does not preclude him from being excluded from the hearing because of his behavior. Moody v. Miller, 864 F.2d 1178, 1180 (5th Cir. 1989). This objection is without merit.

Johnson goes on to complain that the Magistrate Judge failed to state who conducted the preliminary investigation, saying that under TDCJ rules, the investigation must be conducted by a staff member but not the person who witnessed the incident. As the Magistrate Judge pointed out, violations of TDCJ rules are not grounds for federal habeas corpus, and so even if Johnson is correct that this rule was violated, it does not afford him a basis for habeas corpus relief. Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996); Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986). In any event, the TDCJ records show that the disciplinary case was written by M. Kirkley, LM III (Laundry Manager III), and the preliminary investigation report was signed by supervisor D. Robinson, LM IV. Johnson has not shown any violation even had this claim set out a basis for habeas corpus relief, which it did not. His objection on this pont is without merit.

Johnson next appears to argue that the hearing officer knew of his medical restrictions because of previous disciplinary cases which he had received. He indicates that he has a restriction for not walking over 67 yards but offers no medical records or other evidence of this, nor does he indicate how such restrictions would prevent him from working in a laundry. As the Magistrate Judge said, Johnson's assertions in this regard are entirely conclusory, lacking any support in the

record, and thus lack probative evidentiary value. Ross v. Estelle, 694 F.2d 1008, 1011-12 and n.2 (5th Cir. 1983). This objection is without merit.

Johnson contends that his claims of "illegal denial of entitlement" and failure to allow him to contact medical personnel were not defaulted because his grievance complained of "mistreatment." As the Magistrate Judge said, these claims were not mentioned in Johnson's grievances, and a review of these grievances confirms that Johnson did not give prison officials a "fair opportunity" to address these claims. *See* Johnson v. Johnson, 385 F.3d 503, 517 (5th Cir. 2004). As a result, these allegations are unexhausted and thus procedurally defaulted. Sones v. Hargett, 61 F.3d 410, 416 (5th Cir. 1995). Johnson's objection on this point is without merit.

After again complaining of alleged violations of TDCJ rules, Johnson says that "further medical records will show a left hand injury where over the years pain medication have been provided at this time, due to a use of force incident on 7 chow hall on 9-15-10." Once again, Johnson does not provide any medical records to substantiate this claim, nor does he show that this injury prevented him from working in the laundry. This bare allegation, absent any support in the record, lacks probative evidentiary value and offers no basis for setting aside the Report of the Magistrate Judge. Ross, 694 F.2d at 1011-12. Johnson's objection on this point is without merit.

Johnson next states as follows:

> Prison officials have set the stage to create false disciplinary offenses of code 25 'refusing to turn out for his work assignment.' This form of retaliation of assigning is to take away Petitioner's eligibility release date on its face. This is orchestrated by prison officials alone, even though Petitioner has medical restrictions. The Magistrate was provided the deprivation of prison officials on his initial filing of the (3) disc. offenses showing where the act was extending his sentence in a habeas proceeding set by the 5th Cir. Court Appeals. The order took away the language of deprivation form. Petitioner could only allege the ongoing retaliation acts and the prior retaliation acts by prison officials.

The Magistrate Judge correctly concluded that Johnson's allegations failed to meet the elements of a retaliation claim because they were wholly lacking in specific facts. In addition, Johnson failed to show either retaliatory intent or that but for the alleged retaliatory motive, the disciplinary case probably would not have been written. . As such, Johnson has failed to set out a

4

retaliation claim either under 28 U.S.C. §2254 or 42 U.S.C. §1983. Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997); Mohwish v. Yusuff, 209 F.3d 718, 2000 WL 283164 (5th Cir., February 1, 2000) (retaliation claim raised in a habeas petition did not set out a cognizable claim because the petitioner failed to show that a retaliatory motive was the but-for cause of the disciplinary charge). His objection on this point is without merit.

Finally, Johnson complains that the Magistrate Judge stated that he was denied the right to attend his disciplinary hearing when "the record is silent on what level of behavior constitute[s] a valid correctional goal such as in Battle v. Barton, 970 F.2d 779 (11th Cir. 1992)]." In Battle, the Eleventh Circuit held that the exclusion of an unruly prisoner from a disciplinary hearing was logically related to valid correctional goals. This comports with Fifth Circuit authority holding that disciplinary cases held *in absentia* do not violate the Constitution when the absence of the inmate is not due to any fault of prison officials. Moody, 864 F.2d at 1180. In this case, the record shows that Johnson was excluded from the hearing because of his behavior, and Johnson's counsel substitute noted that Johnson "became aggressive and belligerent." This is sufficient to support the conclusion that the exclusion from the hearing was not improper, particularly in light of Johnson's failure to offer anything beyond bare assertions in support of his claim. The record need not set out a specific quantum of behavior which would justify exclusion from a prison disciplinary hearing. Johnson's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 18) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Elloyd Johnson is hereby DENIED a certificate of appealability *sua sponte*.  Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** this **16** day of **October, 2012.**

_____
Ron Clark, United States District Judge